## Pringle Street.   Kingston Borough, Appellant.

*Road law—Report of viewers—Mandamus.*

A report of viewers set forth that "In opening said Pringle street, beginning at Main street and running up to the Pringle House, we find that no person would sustain damages exceeding the advantages, the said street being opened nearly all the way between these two points." The viewers proceeded to say : "In our opinion the damages would be $750 by the opening of the street from the southeasterly side of said Pringle House to the creek, and in our opinion the individuals owning lots and land along the line of said street would not be benefited by the opening or extending of the said street, from the southeasterly side of said Pringle House to the creek, and it is also our opinion that the borough would not be benefited by the opening of said street between the last two points named; therefore we hereby report that it would be burdensome, wrong and unjust to assess the lot owners or the borough with advantages sufficient to pay the damages that would be caused by the opening of said street from the southeasterly side of the Pringle House to the creek." *Held* that the confirmation of the report was not an adjudication of an indebtedness against the borough in the nature of a judgment under which a mandamus could issue.

Argued April 17, 1895. Appeal, No. 21, Jan. T., 1895, by the Borough of Kingston, from order of Q. S. Luzerne Co.,

Sept. T., 1872, No. 19, awarding mandamus. Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.
Reversed.

Petition for mandamus.

Upon the petition of Nelson G. Pringle and Samuel Pringle
a rule was granted to show cause why mandamus execution
should not issue.

The facts appear ·by the opinion of the court below and of
the Supreme Court.

The court made the rule absolute. WOODWARD, J., filed
the following opinion, in part:

" The main question in this case, is whether the report of the
viewers filed and confirmed absolutely on Jan. 25, 1873, ·con-
stituted a judgment for $750 in favor of the owners of the land
occupied by the street, between the southeasterly side of the
Pringle House and Toby's creek. It is claimed that the report
did not constitute such a judgment, for the reason that the
names of the landowners between the points in question are
not specifically set out in the body of the report. And there
would be force in this claim, except for the fact that the
viewers attached to their report a draft, which shows exactly
what they meant, and to which they refer as part of their
report. . . . If the draft attached to the report and referred
to by the viewers, is to be considered as indicating their intent·
and purpose, there can be no uncertainty as to what was
meant. Looking upon the proposed street as consisting of two
sections or divisions, the one beginning at Main street and
extending to the Pringle House; and the other running from
the Pringle House to Toby's creek, they find that no one would
sustain damages on the first division; but that on the second,
the damages would be $750. The only owners of land on this·
section of the street, are the Pringle heirs. Upon their land·
stood three buildings—a dwelling house, a wagon house, and a
barn. The draft clearly shows the buildings and their relative
positions. The proposed street cuts all of them in two. It
was for this injury that the viewers awarded the damage and
for no other. . . . The statement of the viewers near the close
of their report, that it would be burdensome, wrong and unjust
to assess the lot owners or the borough with advantages suffi-

cient to pay the damages,' etc., is of no effect so far as the borough is concerned, and is to be considered as a purely super-fluous expression of opinion. Where the proper authorities of a borough adopt a resolution or pass an ordinance for the opening of a street, and viewers are appointed who award dam-ages without assessing benefits to pay them, the law imposes the burden upon the borough, and requires the payment of the damages out of the borough treasury. See Parkersburg street, 23 W. N. C. 391. The same principle is recognized by the general road law of 1836, which requires the payment of dam-ages from the opening of county roads, to be made from the county treasury. See act of 1836, P. L. 556. We refer also to the case of Sedgely Avenue, 88 Pa. 514.

· "The rule to show cause why a mandamus shall not be issued is now made absolute. And a mandamus execution is granted as prayed for."

*Error assigned*, among others, was (4) in finding that the report of viewers was equivalent to a judgment in favor of the Pringle heirs against the borough.

*Thomas H. Atherton*, for appellant.

*F. W. Wheaton, Darling* and *Woodward* with him, for ap-pellees.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 29, 1895:

The vice of this decree, awarding a mandamus against the borough appellant, is that there was no judgment, or decree in the nature of a judgment, or any definitely ascertained indebt-edness of the borough to the appellees or either of them on which any execution process could by any possibility issue. It was a mistake to assume that the confirmation of the report of the viewers in January, 1873, was in effect a decree for the payment of money by the borough to the appellees or to any other person, because the viewers neither assessed, nor intended to assess, any sum or sums of money, as damages, against the borough in favor of anybody. That clearly and conclusively appears by their report. After setting forth therein that, "In opening said Pringle street, beginning at Main street and run-

ning up to the Pringle House, we find that no person would sustain damages exceeding the advantages, the said street being opened nearly all the way between these two points," the viewers proceed to say : " in our opinion the damages would be $750 by the opening of the street from the southeasterly side of said Pringle House to the creek, and in our opinion the individuals owning lots and land along the line of said street would not be benefited by the opening or extending of the said street from the southeasterly side of said Pringle House to the creek, and it is also our opinion that the borough would not be benefited by the opening of said street between the last two points named; therefore we hereby report that it would be burdensome, wrong and unjust to assess the lot owners or the borough with advantages sufficient to pay the damages that would be caused by the opening of said street from the southeasterly side of the Pringle House to the creek." In other words, while they express their opinion that the damages caused by the opening of the northwesterly portion of the street would be $750, they not only omit to specify how much thereof should be paid to the respective owners of property abutting thereon, but they decline to assess the same against the borough, or against other property owners in the form of special benefits, and distinctly give their reasons therefor.

While the report is clearly not a proper execution of the order issued to the viewers, and perhaps ought to have been set aside or recommitted to them, the court and all parties concerned appear to have acquiesced in the action and suggestions of the viewers, and thenceforth, for over twenty years, treated the proceeding as an opening and settlement of damages merely of the southwesterly portion of the street, from Main street to the Pringle House, and a temporary abandonment of proceedings as to the northwesterly portion of the street. But, however that may be, it is very clear that there is nothing in the report of the viewers or in the confirmation thereof by the court to sustain the mandamus.

It follows from what has been said that the learned court erred in awarding the mandamus; and all the assignments of error, except the first, should be sustained.

Decree reversed and petition dismissed with costs to be paid by the appellees.